UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| ANTHONY CARLTON HILLIARD,<br>　　　Plaintiff,<br><br>　　v.<br><br>CARRIE ROTH, *in her official capacity as Commissioner of the Virginia Employment Commission*,<br>　　　Defendant. | )<br>)<br>)<br>)　　Civil Action No. 4:21cv98<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter is before the Court following *pro se* Plaintiff Anthony Carlton Hilliard's ("Mr. Hilliard") failure to respond to the Court's March 4, 2022 Order. As explained in more detail below, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

On August 5, 2021, Mr. Hilliard, appearing *pro se*, initiated this action by filing an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint against the Commissioner of the Virginia Employment Commission ("VEC"). IFP Appl., ECF No. 1; Compl., ECF No. 3. In his Complaint, Mr. Hilliard alleges that the VEC violated his rights by failing to properly administer his claim for unemployment benefits. Compl. at 1-13.

Mr. Hilliard's claim is similar to the claims asserted by five putative class action plaintiffs in a lawsuit filed in the Richmond Division of this Court, *Cox v. Hess*. *See* Class Action Compl., *Cox v. Hess*, No. 3:21cv253 (E.D. Va. Apr. 15, 2021), ECF No. 1. In *Cox*, the plaintiffs asserted three claims against the Commissioner of the VEC regarding the alleged untimely administration

of unemployment benefits. *Id*. Following a judicial mediation, the *Cox* Court issued an Order on May 25, 2021, that memorialized the terms of a settlement agreement that was entered into by the parties. Order at 1-10, *Cox v. Hess*, No. 3:21cv253 (E.D. Va. May 25, 2021), ECF No. 25. Pursuant to the settlement agreement, the VEC agreed to comply with certain "performance standards" that would enable the VEC to resolve all of the pending unpaid claims that were awaiting adjudication by the VEC as of May 10, 2021. *Id*. at 4. The VEC subsequently agreed to "substantially resolve at least 95%" of the unpaid claims that arose between May 10, 2021 and October 15, 2021,[1] "on or before November 19, 2021." Status Report at 1, *Cox v. Hess*, No. 3:21cv253 (E.D. Va. Nov. 30, 2021), ECF No. 55.

On November 30, 2021, a Status Report was filed in the *Cox* matter, which summarized the VEC's efforts to resolve the unpaid claims that arose between May 10, 2021 and October 15, 2021. *Id*. The VEC explained that it had reduced the number of unpaid claims in this timeframe from 24,245 to 4,284. *Id*.

Prior to the filing of the above-referenced Status Report in *Cox*, the Commissioner of the VEC filed a Motion to Dismiss in the instant action and provided Mr. Hilliard with a proper *Roseboro* Notice, as required by Rule 7(K) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia.[2] Mot. Dismiss at 1-3, ECF No. 9; *see* E.D. Va. Loc.

---

[1] As noted above, Mr. Hilliard initiated the instant action against the Commissioner of the VEC on August 5, 2021. IFP Appl., ECF No. 1. As such, Mr. Hilliard's claim is considered to be an unpaid claim that arose between May 10, 2021 and October 15, 2021. *See* Status Report at 1, *Cox v. Hess*, No. 3:21cv253 (E.D. Va. Nov. 30, 2021), ECF No. 55.

[2] The Court notes that the Commissioner of the VEC's Motion to Dismiss does not discuss any specific resolution of Mr. Hilliard's claim for benefits. *See* Mem. Supp. Mot. Dismiss at 1-11, ECF No. 10.

Civ. R. 7(K). Despite receiving a proper *Roseboro* Notice, Mr. Hilliard did not file an Opposition to the Motion to Dismiss.

On March 4, 2022, the Court issued an Order in the instant action. Order at 1-3, ECF No. 12. In the Order, the Court summarized the above information and stated:

> Based on the information contained in the Status Report filed in *Cox* regarding the VEC's resolution of unpaid claims, the claim asserted by Mr. Hilliard in the instant action may have been rendered moot. To clarify this issue, Mr. Hilliard is ORDERED to advise the Court, in writing and within twenty-one days from the date of entry of this Order, whether Mr. Hilliard's claim has been resolved and whether any further action is required in this matter.

*Id.* at 2-3. The Court specifically warned Mr. Hilliard that this action would be dismissed without prejudice if Mr. Hilliard failed to respond to the Court's March 4, 2022 Order. *Id*. at 3 (citing Fed. R. Civ. P. 41(b)).

More than twenty-one days have passed, and Mr. Hilliard did not respond to the Court's March 4, 2022 Order.

## II. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although Federal Rule 41(b) states that "a defendant may move to dismiss the action," the Court retains the "authority to act on its own initiative," and "need not await a motion from a defendant before it employs the dismissal sanction." *Id.*; *see Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

Here, the Court finds that Mr. Hilliard's actions (or lack thereof), as detailed above, demonstrate a failure to prosecute this action and a failure to comply with a prior Order of this

3

Court. Accordingly, Mr. Hilliard's action will be DISMISSED without prejudice pursuant to Federal Rule 41(b).[3]

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
April 1, 2022

---

[3] Because this action will be dismissed without prejudice pursuant to Federal Rule 41(b), the Commissioner of the VEC's Motion to Dismiss, ECF No. 9, will be terminated by the Clerk without a ruling on its merits.